UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80517-BLOOM

LEE MITCHELL JOHNSON,

    Plaintiff,

v.

LT. CASTILLO, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Lee Mitchell Johnson's Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. Plaintiff did not include a six-month account statement with his application as required by 28 U.S.C. § 1915(a)(2) because the facility where he is confined, Palm Beach County West Detention Center, refused to provide it to him. *Id.* at 2. Although Plaintiff's application is legally deficient, the Court takes judicial notice of Plaintiff's four prior complaints filed pursuant to 42 U.S.C. § 1983 wherein the Court granted Plaintiff *in forma pauperis* ("IFP") status. *See Johnson v. Williams*, Case No. 20-CV-80709-RUIZ, (S.D. Fla. May 13, 2020), ECF No. [6] (order granting IFP); *Johnson v. Lindor*, Case No. 20-CV-81032-MIDDLEBROOKS, (S.D. Fla. July 7, 2020), ECF No. 5 (order granting IFP); *Johnson v. Alfred*, Case No. 20-CV-81961-COOKE, (S.D. Fla. Oct. 27, 2020), ECF No. 4 (order granting IFP); *Johnson v. Ferguson*, Case No. 20-CV-81963-WILLIAMS, (S.D. Fla. Nov. 6, 2020), ECF No. 7 (order granting IFP).

The Application is governed by 28 U.S.C. § 1915(b). A prisoner granted leave to proceed IFP is required to pay the $350.00 filing fee but may do so in installments. *See* 28 U.S.C. § 1915(b)(1).

Case No. 21-cv-80517-BLOOM

Plaintiff must make an initial payment of "20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). In addition to the initial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This filing fee will be collected even if the Court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is entitled to proceed IFP. At the time of filing the Application, Plaintiff attested that he had a balance in his checking or savings account of $0.00. ECF No. [3] at 3. Plaintiff has established that he cannot at present pay even the partial filing fee. "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." 28 U.S.C. § 1915(b)(4).

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3], is **GRANTED** to the extent that the plaintiff need not prepay even a partial filing fee in this case or cost for service of process.

2. Plaintiff owes the United States a debt of $350.00 which must be paid to the Clerk of the Court as funds become available.

3. The jail/prison having custody of the Plaintiff must make payments from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $350.00 is paid.

Case No. 21-cv-80517-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lee Mitchell Johnson, *Pro Se*
#0384240
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430

Warden,
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430

Financial Department,
United States District Court, Southern District of Florida