UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80517-BLOOM

LEE MITCHELL JOHNSON,

    Plaintiff,

v.

LT. CASTILLO, *et al.*,

    Defendants.
_____/

## SCREENING ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff Lee Mitchell Johnson's *pro se* civil rights complaint filed under 42 U.S.C. ("Complaint"), ECF No. [1]. Plaintiff alleges violations of his constitutional rights arising from his confinement while a pre-trial detainee at the West Detention Center at the Palm Beach County Jail. *See generally id.* For the reasons set out below, this action shall proceed on Plaintiff's claims of unlawful use of force and failure to intervene against the named Defendants.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003).

### I.    BACKGROUND

Plaintiff filed this Complaint alleging that Defendants Lieutenant Castillo ("Lt. Castillo) and Cert. Deputy Michaels ("Cert. Dpy. Michaels") violated his Eighth and Fourteenth Amendment rights when, at the direction of Lt. Castillo, Cert. Dpy. Michaels used unlawful force on Plaintiff. ECF No. [1] at 4. Plaintiff alleges that on February 2, 2021 between 6:30-6:45 P.M., he was housed in unit F-209, a protective custody cell at the West Detention Center. *Id.* at

7. Plaintiff was calling to Lt. Castillo and trying to get his attention because the showers were dirty and "needed to be cleaned by a trustee." *Id.* After not receiving a response from Lt. Castillo for over thirty minutes, Plaintiff stated, "I'll write it [sic] and you up for not having our showers cleaned cause this is a safety issue." *Id.* (alteration added). Lt. Castillo then started to walk toward Plaintiff's cell, stopped, turned around, and left the unit only to return ten minutes later with Cert. Dpy. Michaels. *Id.*

Lt. Castillo ordered Cert. Dpy. Michaels to "choke [Plaintiff's] [expletive] so he shuts up." *Id.* (alteration added). In violation of the jail's maximum-security policy, Defendants opened Plaintiff's cell without first securing his hands in handcuffs through the access port. *Id.* at 7-8. Cert. Dpy. Michaels then ordered Plaintiff to get to the back of his cell. *Id.* at 7. Cert. Dpy. Michaels then, with his right hand, grabbed Plaintiff by the throat and slammed him on his bunk, choking Plaintiff until he could not breathe. *Id.* As Plaintiff was being choked, Lt. Castillo stood less than a foot away from Cert. Dpy. Michaels and stated:

> You still wanna [sic] write me up? When you gonna [sic] learn Johnson, you can't win[.] Stop writing [expletive] up or you're gonna [sic] keep getting hurt[.] You're in a no-win, it [is your] word against ours[.] Now stop writing [expletive] grievance[s], drop this lawsuit [expletive] or you may end up going home – in a box.

*Id.* at 8 (alterations added). Plaintiff states the incident was caught on camera. *Id.*

As a result of the application of unreasonable force, Plaintiff suffers from constant neck pain and pain in his upper back. He states that he has submitted sick calls for medical treatment but as of the filing of this Complaint, he has been refused all medical treatment. *Id.* at 9. Plaintiff also alleges psychological injuries. *Id.* He states he is in constant fear that Lt. Castillo will have him killed if he does not drop pending lawsuits.[1] *Id.* Plaintiff only sleeps a few hours a night and

---

[1] Plaintiff has filed four other civil rights actions challenging the conditions of his confinement and alleging that the defendants used unlawful force or failed to keep him safe from harm. *See Johnson v. Ferguson*, No. 9:20cv81963-

only eats bread and packaged cookies out of fear that correctional staff will poison his food. *Id.* Plaintiff seeks $200,000.00 in punitive damages against both Lt. Castillo and Cert. Dpy. Michaels. *Id.* at 6. All Defendants are sued in their individual capacities. *Id.* at 2.

## II.   STANDARD OF REVIEW

Because Plaintiff is a state pre-trial detainee seeking redress from state governmental entities, employees, or officers, his Complaint is subject to screening under 28 U.S.C. § 1915A[2], which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(2), a case is subject to dismissal if a court determines the action is: (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* (citations omitted). Thus, the allegations in a complaint require

---

WILLIAMS, (S.D. Fla. Oct. 22, 2020) (§ 1983 suit against Defendants for an incident on October 7, 2020 involving excessive use of force and failure to intervene); *Johnson v. Ojeda*, No. 9:20cv81961-COOKE (S.D. Fla. Oct. 22, 2020) (§ 1983 suit arising from the October 2, 2020 unlawful use of force); *Johnson v. Lindor*, No. 9:20cv81032-MIDDLEBROOKS (S.D. Fla. July 2, 2020) (§ 1983 suit against Lindor regarding the failure to keep him safe from harm); *Johnson v. Williams*, No. 9:20cv80709-RUIZ (S.D. Fla. Apr. 28, 2020) (§ 1983 suit against Defendants for two incidents on April 7, 2019 involving the unlawful use of force and failure to intervene).

[2] The provision states "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

more than mere labels and legal conclusions. *See Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott,* 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

## III.   DISCUSSION

**A.   Excessive Force claim against Cert. Dpy. Michaels**

Plaintiff alleges that Cert. Dpy. Michaels used excessive force when he grabbed Plaintiff around the neck, slammed him on his bunk, and choked him. ECF No. [1] at 7. "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted).

To state a claim of unlawful use of force as a pre-trial detainee, Plaintiff need only show that the force used against him was objectively unreasonable. *See Robinson v. Lambert*, 753 F. App'x 777, 780 (11th Cir. 2018) (per curiam) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). This is a fact specific inquiry based on "the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight," taking into account the legitimate need of jail officials to maintain order and discipline in their facilities. *Kingsley*, 576 U.S. at 397. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989). In determining the reasonableness of the force used, courts consider several factors, including, but not limited to:

> the relationship between the need for the use of force and the amount of force used; the extent of plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397.

Based on the allegations, which must be construed liberally at this preliminary stage, Cert. Dpy. Michael's use of force was for no other purpose than to intimidate Plaintiff from filing future lawsuits. *See Robinson*, 753 F. App'x at 780 (recognizing that some use of force may be required when a prisoner refuses an order or is resisting an officer, but it becomes excessive once there is no longer any need for it) (citation omitted). In addition, Plaintiff has alleged that Cert. Dpy. Michael's use of force caused injury to Plaintiff's neck and back. Thus, the Court concludes that Plaintiff has stated that Cert. Dpy. Michaels's use of force was objectively unreasonable. Consequently, the excessive force claim against Cert. Dpy. Michaels shall proceed.

**B.     Supervisor liability claim against Lt. Castillo**

Plaintiff alleges that in response to telling Lt. Castillo that he would file a grievance complaining about the inadequate hygiene in the showers, Lt. Castillo appeared at his cell with Cert. Dpy. Michaels and directed him to choke Plaintiff "so he shuts up." ECF No. [1] at 7. While Cert. Dpy. Michaels was choking Plaintiff, Lt. Castillo taunted Plaintiff about filing grievances and threatened him that if he did not stop filing grievances and lawsuits, he "may end up going home – in a box." *Id.* at 8. Under § 1983, supervisor liability occurs in the following circumstances:

> when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [she] fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

*Braddy v. Fla. Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998) (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)). The causal connection may also be established if the supervisor's "'custom or policy . . . result[s] in deliberate indifference to constitutional rights'

or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003)) (alterations in original).

Plaintiff has stated a claim that Lt. Castillo is liable in a supervisory capacity for the unlawful use of force against Plaintiff. Plaintiff has plausibly stated a causal connection between Lt. Castillo's actions and the unlawful use of force where Plaintiff alleged Lt. Castillo personally participated in the unlawful use of force and affirmatively directed Cert. Dpy. Michaels to choke Plaintiff. Thus, the Court concludes that that the supervisor liability excessive force claim against Lt. Castillo shall proceed.

**C.     Failure to intervene claim against Lt. Castillo**

Plaintiff alleges that Lt. Castillo was standing less than a foot away from Cert. Dpy. Michaels as he applied the unlawful force. ECF No. [1] at 8. Moreover, Plaintiff alleges that Lt. Castillo directed Cert. Dpy. Michaels to choke Plaintiff "so he shuts up." *Id.* at 7. "[W]hen an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing *Sktrich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)). However, the non-intervening officer must be in a position where intervention is possible. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008); *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018) (per curiam).

At this stage of the proceedings, the Court concludes that Plaintiff's allegations against Lt. Castillo show that he had the time and opportunity to protect Plaintiff from Cert. Dpy. Michaels's use of excessive force because he was less than a foot away from Plaintiff at the time of the unlawful use of force. ECF [1] at 7. Consequently, Plaintiff's failure to intervene claim against Lt.

Castillo shall proceed.

**D.  Punitive Damages**

Plaintiff seeks punitive damages against the named Defendants. *Id.* at 6. Punitive damages may be awarded under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999) (internal citations omitted). Plaintiff has alleged that Defendants' unconstitutional acts were done solely to retaliate against him for filing lawsuits. Accordingly, the complaint plausibly alleges that Defendants' conduct was malicious and is therefore sufficient at this stage to support a claim for punitive damages. The punitive damages claim shall proceed.

**E.  Psychological injury**

Plaintiff further alleges he has suffered psychological trauma as a result of Defendants' conduct. ECF No. [1] at 9. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minimis* physical injury. *See* 42 U.S.C. § 1997e(e)(3); *see also Al-Amin v. Smith,* 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the [Prison Litigation Reform Act] because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis.*") (alteration added). At this preliminary stage, Plaintiff has alleged greater than *de minimis* physical injury resulting from the

incident.³ Given the nature of the physical injuries alleged, Plaintiff's claims based on psychological trauma caused by the unlawful use of force shall proceed.

F.      **Compensatory Damages**

Plaintiff claims he also suffered physical injury to his neck and upper back. ECF No. [1] at 9. However, he has not asked for compensatory damages in his prayer for relief. *Id.* at 6. Plaintiff may amend his complaint at a later stage of the proceeding to add a request for compensatory damages in the prayer for relief section.

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's excessive use of force claims against Cert. Dpy. Michaels and Lt. Castillo in their individual capacities and shall proceed.

2. Plaintiff's failure to intervene claim against Lt. Castillo shall proceed.

3. Plaintiff's psychological injury claims and punitive damages claims shall proceed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lee Mitchell Johnson, *Pro Se*
#0384240
West Detention Center
Inmate Mail/Parcels

---

³ Even if it is later established that the injuries suffered from the alleged unlawful use of force and failure to intervene are no more than *de minimus*, the Eleventh Circuit has made clear that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)) (alteration in original). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." *Id.,* (quoting *Smith v. Allen*, 502 F.3d 1225, 1271 (11th Cir. 2007)).

Case No. 21-cv-80517-BLOOM

P.O. Box 1450
Belle Glade, FL 33430