UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80517-BLOOM/Reinhart

LEE MITCHELL JOHNSON,

    Plaintiff,

v.

LT. CASTILLO, *et al.*,

    Defendants.
_____/

## SCREENING ORDER ON THIRD AMENDED COMPLAINT

**THIS CAUSE** is before the Court on *pro se* Plaintiff Lee Mitchell Johnson's Third Amended Complaint for Violation of Civil Rights, ECF No. [46] (Third Amended Complaint"). Plaintiff alleges violations of his constitutional rights arising from his confinement while a pre-trial detainee at the West Detention Center at the Palm Beach County Jail. *See generally id.* Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), ECF No. [4], and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). The Court previously screened Plaintiff's Complaint, ECF No. [1], and ordered several claims to proceed: excessive force against Cert Deputy Michael ("Cert Dy. Michael") in his individual capacity; and excessive force, failure to intervene, and supervisor liability against Lieutenant Castillo, in her individual capacity. ECF No. [6].

Because the factual allegations underlying the instant claims against Defendants Cert Dy. Michael and Lt. Castillo largely mirror the facts set forth in the initial Complaint, the Court's previous screening order allowing the claims against Defendants Cert Dy. Michael and Lt. Castillo to proceed is unchanged. ECF No. [6]. For the reasons below, this action shall also proceed on

Plaintiff's additional claims.

## I. BACKGROUND

Plaintiff's Third Amended Complaint adds a new defendant, Deputy Turner ("Dy. Turner"), and alleges an additional claim of failure to intervene in his individual capacity. Additionally, Plaintiff now seeks compensatory damages against all three Defendants.[1]

The Court previously summarized Plaintiff's allegations from his Complaint:

> Plaintiff filed this Complaint alleging that Defendants Lieutenant Castillo ("Lt. Castillo) and Cert Deputy Michael ("Cert Dy. Michael") violated his Eighth and Fourteenth Amendment rights when, at the direction of Lt. Castillo, Cert Dy. Michael used unlawful force on Plaintiff. ECF No. [1] at 4. Plaintiff alleges that on February 2, 2021 between 6:30-6:45 P.M., he was housed in unit F-209, a protective custody cell at the West Detention Center. *Id.* at 7. Plaintiff was calling to Lt. Castillo and trying to get his attention because the showers were dirty and "needed to be cleaned by a trustee." *Id.* After not receiving a response from Lt. Castillo for over thirty minutes, Plaintiff stated, "I'll write it [sic] and you up for not having our showers cleaned cause this is a safety issue." *Id.* (alteration added). Lt. Castillo then started to walk toward Plaintiff's cell, stopped, turned around, and left the unit only to return ten minutes later with Cert Dy. Michael. *Id.*

ECF No. [6] at 1-2 (alterations in original; spelling of Defendant Cert Dy. Michael's name corrected). Plaintiff alleges that once Lt. Castillo and Cert Dy. Michael returned, Lt. Castillo ordered Dy. Turner "to open [Plaintiff's] cell door and stand in the doorway." ECF No. [46] at 8. The unlawful use of force event then unfolded as follows:

> Lt. Castillo ordered Cert Dy. Michael to "choke [Plaintiff's] [expletive] so he shuts up." *Id.* (alteration added). In violation of the jail's maximum-security policy, Defendants opened Plaintiff's cell without first securing his hands in handcuffs through the access port. *Id.* at 7-8. Cert Dy. Michael then ordered Plaintiff to get to the back of his cell. *Id.* at 7. Cert Dy. Michael then, with his right hand, grabbed Plaintiff by the throat and slammed him on his bunk, choking Plaintiff until he could not breathe. *Id.* As Plaintiff was being choked, Lt. Castillo stood less than a foot away from Cert Dy. Michael and stated:
>
> > You still wanna [sic] write me up? When you gonna [sic] learn

---

[1] The Court previously noted that although Plaintiff did not raise compensatory damages in his Complaint he "may amend his complaint at a later stage of the proceeding to add a request for compensatory damages in the prayer for relief section." ECF No. [6] at 8.

> Johnson, you can't win[.] Stop writing [expletive] up or you're gonna [sic] keep getting hurt[.] You're in a no-win, it [is your] word against ours[.] Now stop writing [expletive] grievance[s], drop this lawsuit [expletive] or you may end up going home – in a box.

*Id.* at 8 (alterations added). Plaintiff states the incident was caught on camera. *Id.* ECF No. [6] at 1-2 (alterations in original; spelling of Defendant Cert Dy. Michael's name corrected). During the attack, Lt. Castillo stood next to Cert Dy. Michael and Dy. Turner stood two feet away in the cell doorway "blocking the view of the cameras and other inmates[.]" ECF No. [46] at 9-10 (alteration added). Neither Lt. Castillo nor Dy. Turner attempted to intervene and stop Cert Dy. Michael's excessive use of force on Plaintiff. *Id.*

As a result of the excessive force incident, Plaintiff suffers from constant neck pain and pain in his upper back. *Id.* at 11. He states that he has submitted sick calls for medical treatment but as of the filing of the Third Amended Complaint, he has been refused all medical treatment. *Id.* Plaintiff also alleges psychological injuries. *Id.* He states he is in constant fear that Lt. Castillo will have him killed if he does not drop the pending lawsuits.[2] *Id.* Plaintiff only sleeps a few hours a night and only eats bread and packaged cookies out of fear that correctional staff will poison his food. *Id.* Plaintiff seeks $200,000.00 in punitive damages and $200,000.00 in compensatory damages against each defendant. *Id.* at 12.

---

[2] Plaintiff has six other pending civil rights actions against employees of the West Detention Center at the Palm Beach County Jail challenging the conditions of his confinement and alleging defendants used unlawful force, failed to keep him safe from harm, or retaliated against him for filing lawsuits and grievances. *See Johnson v. Gordon*, No. 21-cv-81257-WILLIAMS (S.D. Fla. July 21, 2021) (§ 1983 suit alleging on July 7, 2021 defendant refused to feed Plaintiff or allow him to call his attorney in retaliation for filing lawsuits); *Johnson v. McKay*, No. 21-cv-81198-ROSENBERG (S.D. Fla. July 8, 2021) (§ 1983 suit alleging on January 26, 2021 Plaintiff was threatened in retaliation for filing lawsuits); *Johnson v. Humphries*, No. 21-80985-CANNON (S.D. Fla. Jun. 1, 2021) (§ 1983 suit raising allegations of deliberate indifference and retaliation against Plaintiff for filing grievances within the detention facility); *Johnson v. Alfred*, No. 20-cv-81961-COOKE (S.D. Fla. Oct. 22, 2020) (§ 1983 suit arising from an October 2, 2020 unlawful use of force incident); *Johnson v. Lindor*, No. 20-cv-81032-MIDDLEBROOKS (S.D. Fla. July 2, 2020) (§ 1983 suit alleging failure to keep Plaintiff safe from harm); *Johnson v. Williams*, No. 20-cv-80709-RUIZ (S.D. Fla. Apr. 28, 2020) (§ 1983 suit for two incidents on April 7, 2019 involving the unlawful use of force and failure to intervene).

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to the plaintiff. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017).

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Pro se* pleadings are held to a less stringent standard than a pleading drafted by an attorney and are liberally construed. *See, e.g.*, *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). That leniency, however, "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011).

III. **DISCUSSION**

A. **Failure to intervene claim against Dy. Turner**

Plaintiff alleges that Dy. Turner was standing two feet away from Cert Dy. Michael during

the excessive force incident. ECF No. [46] at 10. Moreover, Plaintiff alleges that Dy. Turner blocked the view of security cameras and other inmates from witnessing the excessive force incident. *Id.* "[W]hen an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)). However, the non-intervening officer must be in a position where intervention is possible. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008); *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018) (per curiam).

At this stage of the proceedings, Plaintiff's allegations against Dy. Turner show that he had the time and opportunity to protect Plaintiff from Cert Dy. Michaels's excessive force because he stood two feet away from Plaintiff inside the cell at the time of the incident. ECF [46] at 10. Consequently, Plaintiff's failure to intervene claim against Dy. Turner shall proceed.

### B. Punitive Damages[3]

Plaintiff seeks punitive damages against Dy. Turner. *Id.* at 12. Punitive damages may be awarded under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999) (internal citations omitted). Here, Plaintiff has alleged that Dy. Turner's unconstitutional acts were done in retaliation for filing lawsuits. ECF No. [46] at 8-11. Accordingly, the Third Amended Complaint plausibly alleges that Dy. Turner's conduct was

---

[3] The Court previously ordered Plaintiff's punitive damages claims against Cer. Dy. Michael and Lt. Castillo to proceed. ECF No. [6] at 8.

malicious and is sufficient at this stage to support a claim for punitive damages.

### C. Psychological injury[4]

Plaintiff further alleges he has suffered psychological trauma as a result of Dy. Turner's conduct. *Id.* at 11. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minimis* physical injury. *See* 42 U.S.C. § 1997e(e)(3); *see also Al-Amin v. Smith,* 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the [Prison Litigation Reform Act] because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." (alteration added)). At this preliminary stage, Plaintiff has alleged greater than *de minimis* physical injury resulting from the incident.[5] Given the nature of the physical injuries alleged, Plaintiff's claim based on psychological trauma caused by Dy. Turner's failure to intervene during the excessive force incident shall proceed.

### D. Compensatory Damages

Plaintiff claims he suffered physical injury to his neck and upper back. ECF No. [46] at 11.

---

[4] The Court previously permitted Plaintiff's psychological injury claims against Cert Dy. Michael and Lt. Castillo to proceed. ECF No. [6] at 8.

[5] Even if it is later established that the injuries suffered from the alleged unlawful use of force and failure to intervene are no more than *de minimus*, the Eleventh Circuit has made clear that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)) (alteration in original). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." *Id.,* (quoting *Smith v. Allen*, 502 F.3d 1225, 1271 (11th Cir. 2007)).

He seeks $200,000.00 in compensatory damages against each Defendant. *Id.* at 12. Given the nature of the physical injuries alleged, at this stage in the proceeding Plaintiff's compensatory damages claims shall proceed.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's failure to intervene, psychological injury, and punitive damages claims against Deputy Turner in his individual capacity shall **PROCEED**.

2. Plaintiff's compensatory damages claims against Deputy Turner, Cert Deputy Michael, and Lieutenant Castillo shall **PROCEED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 23, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lee Mitchell Johnson, *Pro Se*
#0384240
West Detention Center
Inmate Mail/Parcels
P.O. Box
Belle Glade, FL 33430