UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80517-BLOOM/Reinhart

LEE MITCHELL JOHNSON,

    Plaintiff,

v.

LT. CASTILLO, *et al.*,

    Defendants.
_____/

## ORDER TO U.S. MARSHAL DIRECTING PERSONAL SERVICE UPON DEFENDANT DEPUTY TURNER

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. Plaintiff Lee Mitchell Johnson filed a Third Amended Complaint for Violation of Civil Rights, ECF No. [46] (Third Amended Complaint"), arising from his confinement at West Detention Center at the Palm Beach County Jail.

The Eleventh Circuit Court of Appeals held that *pro se* prisoners proceeding *in forma pauperis* ("IFP") should be assisted in serving prison employees. *See Richardson v. Johnson*, 598 F.3d 734, 739 (11th Cir. 2010). In so ruling, the Eleventh Circuit determined that an IFP litigant is allowed "to rely on the court officers and United States Marshal to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990); *Richardson*, 598 F.3d at 738-39; *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

Plaintiff has assisted the Court by identifying each named defendant and their respective titles for purposes of service, and as such, Plaintiff has not been dilatory in identifying information

to perfect service. *See Richardson*, 598 F.3d at 739 (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Plaintiff has provided the last name, position, and spelling of the Defendant's name, including a timeframe involved in the alleged violations of his constitutional rights.

In this regard, the *Richardson* court has placed the burden on court officers and the United States Marshal to obtain information necessary to effect service of process when Plaintiff is proceeding IFP. *See Richardson*, 598 F.3d at 738-39. Thus, Federal Rule of Civil Procedure 4(e) provides that service shall be effected as follows:

> (e)   Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2)   doing any of the following:
> >
> > > (A)   delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Because Plaintiff has been permitted to proceed IFP, *see* ECF No. [5], he is entitled to service of process at public expense.

It is therefore **ORDERED AND ADJUDGED** that the United States Marshal shall serve a copy of the Third Amended Complaint, ECF No. [46], the Screening Order on Third Amended Complaint, ECF No. [49], and the original Screening Order, ECF No. [6], upon the Defendant,

who was working at the Palm Beach County Jail's West Detention Center on or about February 2, 2021, as follows:

> **Deputy Turner**
> Palm Beach County Sheriff's Office
> 38811 James Wheeler Way
> Belle Glade, FL 33430

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lee Mitchell Johnson, *Pro Se*
#0384240
West Detention Center
Inmate Mail/Parcels
P.O. Box
Belle Glade, FL 33430